UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David H., | File No. 26-CV-1034 (JMB/DLM) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; | **ORDER** |
| Respondents. | |

Mackenzie R. Moy, Zelle LLP, Minneapolis, MN, for David H.

Trevor Brown, David W. Fuller, and Jesus Cruz Rodriguez, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner David H.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood (together, Respondents) are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1. David H. is a citizen of El Salvador who has lived in the United States since at least August 2021. (Pet. ¶ 12.)

2. On February 1, 2026, Immigration and Customs Enforcement (ICE) detained David H. in Minnesota. (*Id.* ¶ 15.) There was no warrant for this arrest. (*Id.* ¶ 51.)

3. David H. filed his Petition on February 4, 2026. (Pet.) He asks the Court to immediately release him from custody or, in the alternative, to hold a prompt bond hearing to determine whether he should remain in custody. (*Id.* at 14.)

4. On February 4, 2026, the Court ordered Respondents to respond to the Petition by February 6, 2026, at 11:00 a.m. CT "certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case," including providing any supporting documentation that may be needed to establish the lawfulness of David H.'s arrest and addressing whether "the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Doc. No. 3.)

5. On February 6, 2026, Respondents timely filed a response alleging that David H. is subject to a final removal order and that his detention is governed by 8 U.S.C. § 1231. However, this response failed to include actual documentation of any final

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

removal order.  (*See* Doc. No. 4.)  The Court ordered Respondents to provide supporting documentation, and Respondents failed to timely do so.  (*See* Doc. No. 7.)

## DISCUSSION

Respondents argue that David H. is not entitled to release from detention because he is subject to 8 U.S.C. § 1231, which provides that when a noncitizen is ordered removed, the Attorney General "shall detain the [noncitizen]" during the removal period.  However, Respondents failed to timely provide actual documentation supporting their argument that David H. is subject to section 1231.  Furthermore, Respondents do not present any argument concerning their failure to comply with a statutory requirement that they obtain a warrant prior to arresting David H.  For these reasons, the Court grants the Petition in part and orders immediate release.

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention."  *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The

3

petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

Because section 1226(a) applies, a warrant was a prerequisite to David H.'s detention.  *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)).  The Petition alleges that David H.'s arrest was warrantless (Pet. ¶ 51), and Respondents have not timely presented evidence to the contrary.  Consequently, the Court grants the Petition and orders David H.'s immediate release.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. Respondents are ORDERED to release Petitioner David H. from custody in Minnesota without conditions <u>immediately</u>, and in any event on or before <u>4:00 p.m. CT on February 14, 2026</u>.  Respondents are further ordered to provide advance notice to Petitioner's Counsel of the time and location of the release.

2. On or before <u>11:00 a.m. CT on February 16, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order.  Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 16, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all

       property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property and the legal basis for retention). If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 16, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. David H. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4. As to other forms of relief requested, the Petition is DENIED.

5. Respondents' Status Report (Doc. No. 8) and Declaration (Doc. No. 9) are STRICKEN as untimely.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 13, 2026                                  /s/ *Jeffrey M. Bryan*
                                                                                   Judge Jeffrey M. Bryan
                                                                                   United States District Court